UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RA NU RA KHUTI AMEN BEY,

    *Plaintiff*,

v.

UNITED STATES, *et al.,*

    *Defendants*.

Civil Action No. 23-2299 (LLA)

**MEMORANDUM OPINION**

    This matter is before the court on a motion by Defendant United States to dismiss the complaint of pro se Plaintiff ra nu ra khuti amen bey ("Mr. Bey"). For the reasons explained below, the court will grant the United States' Motion to Dismiss, ECF No. 8, and dismiss the complaint for lack of jurisdiction. In light of that dismissal, the court will deny Mr. Bey's Motions to Shorten Time on Parties Submission to Arbitration, ECF Nos. 13 & 14, and Motion to Compel Arbitration, ECF No. 15, as moot.

    **I.**    **Background**

    Proceeding pro se, Mr. Bey filed this civil action against Judge Margaret M. Sweeney of the U.S. Court of Federal Claims. ECF No. 1. The complaint seeks damages for various claims arising out of several areas of law including tax, contract, negligence, and federal statutes including the Foreign Corrupt Practices Act. *See generally* ECF No. 1.

    It appears that Mr. Bey's claims against Judge Sweeney stem from her handling of a suit that Mr. Bey brought several years ago in the U.S. Court of Federal Claims. *See* ECF No. 1, at 13-14 (referencing *Double Lion Uchet Express Tr. v. United States*, 153 Fed. Cl. 392 (Fed. Cl. 2021)); ECF No. 11, at 28-35 (including as attachments documents from the *DoubleLion* case),

88-90 (same).  Mr. Bey contends that Judge Sweeney "made a series of negligent fiduciary misapplications and misappropriations of plaintiff[']s trust property including receiving funds and becoming liable for the taxes," and violated the Foreign Corrupt Practices Act.  ECF No. 11, at 9, 23.  He also broadly alleges that taxes paid to the U.S. Government are owed back to him as debt and points to, among other things, various Florida state statutes related to contract law and the Uniform Commercial Code.  *See* ECF No. 1, at 5, 15.

The United States filed notice substituting itself for Judge Sweeney pursuant to the Westfall Act, certifying that Judge Sweeney "was acting within the scope of her employment as an officer or employee of the United States [of] America at the time of the incidents alleged in this action."  ECF No. 7 (citing 28 U.S.C. § 2679(d)(1)).  The United States then moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 8.

## II.     Legal Standards

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."  Rule 8 protects defendants, ensuring that they have fair notice of the claim brought against them and can adequately defend themselves.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977); *see* 5 Charles Allen Wright et al., *Federal Practice and Procedure* § 1281 (4th ed. 2023) ("Unnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage.").  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Rule 12(b)(1), "[a] complaint may be dismissed on jurisdictional grounds when it is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (internal quotation marks omitted).  Under Rule 12(b)(6), a complaint may be dismissed if it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In assessing a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6), "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When the plaintiff is pro se, as Mr. Bey is here, the court will "liberally construe" his filings.  *Id.*; *see id.* ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, a pro se plaintiff must adhere to the Federal Rules of Civil Procedure.  *Garlington v. D.C. Water & Sewer Authority*, 62 F. Supp. 23, 27 (D.D.C. 2014).  In assessing whether dismissal is warranted, a court considers all of a pro se litigant's filings, including attachments and any opposition filed.  *Brown v. Whole Foods Market Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015).

### III.   Discussion

The United States raises several arguments in support of dismissal, but the court need only address one: that the court lacks jurisdiction over Mr. Bey's complaint because it is "patently insubstantial" and contains "a myriad of conclusory, unspecified, and incomprehensible assertions regarding tax and debt-related abuses."  ECF No. 8-1, at 1.  After considering the parties submissions, including Mr. Bey's complaint, opposition, and various attachments, the court agrees

3

with the United States that Mr. Bey's complaint is "patently insubstantial" and must be dismissed under Rule 12(b)(1).

A case will be dismissed as "patently insubstantial" where the allegations in the complaint are "clearly fanciful" or "'so attenuated and unsubstantial as to be absolutely devoid of merit'" that the court cannot discern a basis for federal jurisdiction.  *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536 (1973)).  This includes claims that are "'essentially fictitious,'" such as allegations involving "bizarre conspiracy theories," "fantastic government manipulations of [the mind]," or "supernatural intervention."  *Id.* at 330 (quoting *Hagans*, 415 U.S. at 537).

The allegations in Mr. Bey's complaint are sufficiently fanciful to warrant dismissal under this standard.  Mr. Bey alleges that Judge Sweeney holds a "vacant office" but has a "fiduciary duty" to him, and that the United States is a "bankrupt entity."  ECF No. 1, at 9, 12, 15.  He further alleges that Judge Sweeney—apparently through the course of his case before her—"modified [a] debt instrument thus securitizing the original note and converting it into publicly traded debt" and is now "in possession of illegal contraband as a result of being the holder of [the] debt instrument" and has a "tax liability" to him.  ECF No. 1, at 9-10, 12, 15.  Throughout the complaint, Mr. Bey adverts to 1099-OID tax forms, tax refunds, trusts created under Florida law, and various debt instruments, but he does not provide a coherent narrative explaining how these are relevant or how they connect to Judge Sweeney.  *See generally* ECF No. 1.  Mr. Bey's many exhibits and attachments do not remedy this issue, but rather compound confusion, because it is unclear how many of them relate to his claims.  *See* ECF No. 1-2 through 1-7 (including, among other things, a receipt from a United States Bankruptcy Court, a Freedom of Information Act request directed to the U.S. Department of State, and a final notice of eviction on a Florida property); ECF No. 11,

at 28-90 (including, among other things, filings from other lawsuits, documents purporting to create a trust, and an "indemnity bond" for $100,000,000,000). Even under the most liberal construction of Mr. Bey's pro se filings, his allegations are "essentially fictitious." *Best* 39 F.3d at 330. Accordingly, the court dismisses the suit.[1]

### IV.   Conclusion

For the foregoing reasons, the court will issue a contemporaneous order granting the United States' Motion to Dismiss, ECF No. 8; dismissing this action without prejudice; and denying Mr. Bey's Motions to Shorten Time on Parties Submission to Arbitration, ECF Nos. 13 & 14, and Motion to Compel Arbitration, ECF No. 15, as moot.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: March 29, 2024

---

[1] Because the court dismisses the case for lack of jurisdiction under Rule 12(b)(1), it has no authority to address the United States' arguments under Rule 12(b)(6). *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1988). Dismissal of the action also renders Mr. Bey's outstanding motions, ECF Nos. 13 to 15, moot.